OPINION
{¶ 1} LaJuan DeAngelo Black pled no contest to possession of crack cocaine in the Montgomery County Court of Common Pleas following the denial of his motion to suppress. He was sentenced accordingly and now appeals, raising one assignment of error.
 {¶ 2} The State's evidence established the following facts:
 {¶ 3} On September 17, 2002, Dayton Police Officers Joseph Oldham and Matthew Locke were dispatched to 751 Lexington Avenue on a drug complaint call. When the officers arrived at the address, they found Black and another black male, matching the descriptions in the dispatch, sitting on the front steps of the residence. As the officers approached the residence, Officer Oldham noticed that the two men suddenly got up and began to walk away from the officers, as if to avoid contact with the officers. The cruiser stopped and Officer Oldham opened the door to exit the vehicle. He noticed Black run to an enclosed porch at 749 Lexington Avenue and open the door. Pursuing Black, Officer Oldham opened the door to the porch on 749 Lexington and watched Black make an overhand, pitching motion with his right hand and throw a clear baggie to the ground. Officer Oldham testified that based upon his experience, he believed the baggie contained crack cocaine. He then grabbed Black's wrist and arrested him.
 {¶ 4} On September 24, 2002, Black was indicted on one count of possession of crack cocaine in an amount which equaled or exceeded five grams but less than ten grams, in violation of R.C. 2925.11(A). Black filed a motion to suppress on October 17, 2002, and a hearing was held a week later. At the conclusion of the hearing, the trial court overruled Black's motion to suppress.
 {¶ 5} Black entered a plea of no contest to the possession charge, and was ultimately sentenced to a two-year term of imprisonment.
 {¶ 6} Black now appeals, asserting one assignment of error:
 {¶ 7} "As a matter of law the trial court erred when overruling Appellant's motion to suppress[.]"
 {¶ 8} In his argument, Black asserts that the officers had no reasonable suspicion to stop him, as they were operating on an anonymous tip without more information that a crime had occurred. Additionally, Black contends that under the totality of the circumstances, he was unlawfully detained at the point when Officer Oldham fled after Black in hot pursuit.
 {¶ 9} Initially, we note that the following standard governs our review of a trial court's decision regarding a motion to suppress: "[W]e are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." State v. Retherford (1994), 93 Ohio App.3d 586,592, 639 N.E.2d 498.
 {¶ 10} The first issue for our review is whether the facts precipitating the dispatch in this instance justified a reasonable suspicion of criminal activity. Black asserts that the source in this instance was anonymous, and that the officers did not have reasonable and articulable suspicion to stop Black as they observed nothing more than two men who matched a general description which the police were given. Based upon this information, Black argues that there was not a sufficient basis to find the reasonable and articulable suspicion required underTerry v. Ohio (1968), 392 U.S. 1, 22, 88 S.Ct. 1868. We agree. We note that there exists very little information in the record about the nature of the call leading to the dispatch, and that the State did not address the issue in their appellate brief. Furthermore, in its decision overruling the motion to suppress, the trial court did not address this issue. The information that we have from the record is that "a female called in" to dispatch that two black males were selling drugs at 751 Lexington Avenue. The caller mentioned that the males were sitting on the steps of the residence and provided an accurate description of what the males were wearing. The caller further provided the name of the male in the white shirt as "LaJuan." Based on the scant information we have about the source of the call to dispatch, we must assume that it was an anonymous source.
 {¶ 11} The Ohio Supreme Court has held that, "[a] police officer need not always have knowledge of the specific facts justifying a stop and may rely, therefore, upon a police dispatch or flyer." Maumee v.Weisner, 87 Ohio St.3d 295, 297, 720 N.E.2d 507, 1999-Ohio-68. The court further held that, "where an officer making an investigative stop relies solely upon a dispatch, the state must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity." Id. at 298.
 {¶ 12} In the case where the dispatch is the product of an anonymous source, the state must demonstrate that subsequent events corroborated the substance of the tip, in particular that the tip was "reliable in its assertion of illegality, not just its tendency to identify a determinate person." Florida v. J.L. (2000), 529 U.S. 266,272, 120 S.Ct. 1375. See, also, Illinois v. Gates (1983), 462 U.S. 213,103 S.Ct. 2317.
 {¶ 13} While it is true that the officers did observe two men who matched the general description given by the source on the steps to 751 Lexington Avenue, what is lacking is evidence that the source had knowledge of concealed criminal activity, i.e. drug trafficking in this instance. See, generally, J.L., supra; State v. Kemp, Montgomery App. No. 19099, 2002-Ohio-2059.
 {¶ 14} While this may invalidate the legality of the initial stop for purposes of a Fourth Amendment analysis, we must address the State's assertion that since the seizure of Black did not occur until the point that Officer Oldham grabbed Black's wrist after Black voluntarily abandoned the plastic baggie containing crack cocaine, the officers were not required to have reasonable suspicion that Black was engaged in criminal activity before this point. As the State argued, a defendant has no standing to challenge the admissibility of property that he or she has voluntarily abandoned.State v. Deloach (Aug. 11, 2000), Montgomery App. No. 18072.
 {¶ 15} The facts in this case are very similar to those inCalifornia v. Hodari D. (1991), 499 U.S. 621, 111 S.Ct. 1547. In that case, a narcotics trafficking suspect, who was selling drugs to the occupants of temporarily stopped automobiles, fled when a police cruiser approached him. The officers pursued Hodari, who did not see the officer chasing him until they were almost face-to-face. Upon seeing the officer, Hodari threw away a small rock of crack cocaine. The officer tackled Hodari seconds later. The United States Supreme Court found that Hodari had not been "seized" for purposes of the Fourth Amendment until he was physically tackled, and therefore the discarded cocaine was not the fruit of a seizure and was not subject to exclusion.
 {¶ 16} Similarly, the evidence in this case was abandoned before Black was seized by Officer Oldham. Therefore, at the point that Black was seized, when Officer Oldham grabbed his wrist, the officers had a reasonable suspicion based on specific and articulable facts that criminal behavior had occurred. Furthermore, according to the law inHodari, the evidence in this case was not the fruit of an unreasonable seizure and was not subject to exclusion.
 {¶ 17} Black's assignment of error is not well taken.
 {¶ 18} The judgment of the trial court is affirmed.
FAIN, P.J. and GRADY, J., concur.